UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

HAROLD D. BIRDWELL, et al        CIVIL ACTION NO. 09-1564

VERSUS                          U.S. DISTRICT JUDGE DEE D. DRELL

XTO ENERGY INC., et al          U.S. MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION

Before the court are defendants motion to sever, doc. #3, and plaintiff's motion to remand, doc. #11, referred to me by the district judge.

This is a suit for breach of contract and for violations of Louisiana's unfair trade practices act and for fraudulent misrepresentation. Plaintiffs are 36 mineral interest owners and two lease brokers, Rural Lease Consultants LLC (Rural) and Divine Minerals, LLC who allege that defendants backed out on an agreement to lease their mineral interests. A single suit was filed by them in Natchitoches Parish state court and was removed to this court by defendants. After removal, defendants filed the instant motion to sever the plaintiff's claims, claiming that they were improperly joined, constituting "fraudulent misjoinder". Plaintiffs have filed the instant motion to remand, claiming that the claims are properly cumulated and that six of the plaintiffs do not meet the jurisdictional limit for federal jurisdiction and five are residents of Texas (the residence of defendant XTO) and, therefore,

complete diversity is lacking.

Because the issues of severance (misjoinder) and remand are intertwined, the two motions are considered together.

SEVERANCE

Fraudulent misjoinder has been recognized to exist  where a diverse defendant is joined with a nondiverse defendant where the claims against each have no real connection[1] to each other. Accardo v. Lafayette Ins. Co., 2007 WL 325368 (E.D. La.)  citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996) as approved in principle by the Fifth Circuit in In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002) and Crockett v. R. J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006).

In order to determine whether misjoinder has occurred, state law should be applied. Accardo, supra.

Under Louisiana law, joinder is proper where there is a "community of interest" between plaintiffs, jurisdiction and venue is proper, and all of the actions are "mutually consistent" and employ the same form of procedure. At issue here is whether there exists a community of interest between all of the plaintiffs.

Community of interest is defined as the parties' causes of actions (or defenses) having arisen "out of the same facts, or presenting the same factual and legal issues." Stevens v. Bd. of

_____

[1] See FRCP 19 and 20(a)(2).

2

Trustees, 309 So.2d 144, 147 (La. 1975). The removing defendants argue that each of the plaintiff's claims is separate and distinct in that each is as to a separate piece of property and, therefore, none of the plaintiffs have any interest in the leases signed as to the other plaintiffs' properties. Defendants also suggest that negotiations as to each parcel would have been a separate negotiation. Neither, they argue was there a "pooling agreement" between the landowners whereby they all agreed to lease their separate ownership interests in one lease agreement. Finally, defendants suggest that, in any event, the two lease brokers, Divine and Rural, who seek payment of their fees in connection with the contracts, have nothing in common with the mineral interest owners' claims.

On the other hand, plaintiffs assert that the leases were negotiated with the leasing agents "as a package", that the separate damages of each plaintiff is simply a matter of multiplying the acreage times the dollar amount per acre and that it matters not that the lands are separate tracts, because title issues have not been raised as a defense.

Plaintiffs support their argument with the affidavits of most of the plaintiffs which show that the lease negotiations were conducted as a package deal. This fact is also confirmed by XTO's agent's letter (attached to the plaintiffs' memorandum in support of motion to remand as exhibit 3) confirming the agreement as to

3

the "property package".[2] Finally, the argument is supported by the affidavit of Tag Holley, Lease Manager for Rural which states that all negotiations contacts with the defendants were on behalf of all mineral interest owners and there were no individual owner negotiations.[3] It is proper for the court to consider this summary judgment type evidence in deciding the issues of severance and remand. See Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

I find, therefore, that because all of the properties were negotiated in a package deal with defendants on the same terms and the breach of contract arguments of the plaintiffs therefore relate equally to all of the owners, there is a community of interest between the mineral interest owners and joinder of the claims in this single suit was proper and does not constitute fraudulent misjoinder.[4]

Finally, because the lease agents' claims of Divine and Rural depend entirely on the merits of the mineral interest owners' claims their joinder is likewise proper. The issues and evidence in

---

[2] To the extent that there exist issues as to whether an agreement was reached and whether a particular entity was or was not an agent of a party, the court does not intend by this statement to decide those issues for any purpose other than a determination of the severance and remand issues addressed herein.

[3] Defendants are correct that the affidavit contains much legal argument. The court does not consider that argument as evidence in this case.

[4] This conclusion would be the same even if federal, rather than state, joinder law were applied. See FRCP 19 and 20.

the case will apply equally to all of the plaintiffs and it serves no useful purpose to try these identical claims with identical legal arguments and evidence separately.

REMAND

Plaintiffs argue that because some of the plaintiffs are not diverse and others do not meet the minimum jurisdictional threshold, the entire case must be remanded to Natchitoches Parish.[5] However, FRCP 21 provides that the court may "drop" a party on any terms that are just. Since this provision is found in the Rule governing misjoinder, one might reason[6] that the provision only applies where a party is found to have been misjoined. The courts[7] have not limited its application to cases of misjoinder and I find the provision to be applicable to this case where all parties are dispensable[8]. Therefore, plaintiffs Coy Dees, Artie Dees, and Kathleen Jennings, all residents of Texas, should be "dropped" as parties to this lawsuit and their claims should be remanded to state court. Similarly, the claims of Harold D.

---

[5] Aggregation of claims is not permitted in this circumstance (see Allen v. R&H Oil & Gas Co., 63 F.3d 1326), but see footnote 10, infra; similarly, supplemental jurisdiction is not available (see 28 USC 1367(b)).

[6] See dissent, Newman-Green, Inc., infra at f.n. 7.

[7] See Newman-Green, Inc. v. Alfonzo-Larrain, et al, 109 S. Ct. 2218 (1989);

[8] This court (Stagg, D.J.) has previously held the rule to be applicable to a similar factual situation. Texas and Pacific RR Co. v Texas and Pacific RR Co., 392 F.Supp. 1120 (W.D. La. 1975) citing Anderson v. Moorer, 372 F.2d 685 (5th Cir.1954).

Birdwell, Jr., Larry W. Hooper, Sr., Vicki Parker Jordan, Gene and Betty Wiley[9] and Robert and Linda Wilson, being less that the $75,000 jurisdictional limit of this court, should also be dropped from this suit and remanded to state court.[10]

This court should retain jurisdiction over the remaining diverse defendants. IT IS SO RECOMMENDED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN**

---

[9]  The Wileys are also residents of Texas, so for that reason as well, their claim should be remanded.

[10]  If any of these plaintiffs who do not individually meet the jurisdictional limit are enforcing a "common title" (see footnote 5, supra), their claim can be aggregated with that of their co-owner(s) in determining whether they meet the jurisdictional limit of this court. If that is the case, the district judge should be advised of that fact when the matter is before him.

AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6TH day of November, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7