```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF LOUISIANA
                         ALEXANDRIA DIVISION
```

HAROLD D. BIRDWELL, et al      CIVIL ACTION NO. 09-1564

VERSUS                         U.S. DISTRICT JUDGE DEE D. DRELL

XTO ENERGY INC., et al         U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss and to strike, doc. #7, referred to me by the district judge. Plaintiffs have not filed any opposition to the motion.

This is a suit for breach of contract and for violations of Louisiana's unfair trade practices act and for fraudulent misrepresentation.

Plaintiffs are mineral interest owners in Natchitoches Parish who assert that they were defrauded by defendants in connection with the negotiations for lease of certain oil shale rich lands. A similar suit has been filed in this court by another mineral interest owner. See Ballard v. XTO Energy Inc., et al. docket number 9-1557.

Plaintiffs filed suit in state court which was removed by defendant XTO which then filed a motion to dismiss and to strike, doc. #7.

## Law and Analysis

In considering a motion to dismiss, the court must assume

the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff.  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995).  While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint.  Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975).  In accord, see Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

    Defendant first claims that plaintiffs have failed to state a case for breach of contract. It reasons that this suit concerns a mineral lease and a mineral lease must be in writing; therefore, because this contract was not in writing, there can be

no breach of contract. However, plaintiffs' complaint clearly alleges that the contract-an offer and an acceptance-was made by correspondence. If true, that would suffice to make the contract one in writing.[1]

Next, defendant argues that plaintiffs have failed to allege fraud with particularity as required by FRCP 9(b)and suggests that plaintiffs are required to allege the "who, what, when and where" of their claims. Once again, however, I find that plaintiffs have adequately alleged a claim for fraud. Reading the complaint in its entirety, it is quite clear to the court exactly how plaintiffs claim the fraud was committed, when and by whom.

Finally, defendants argue that even if plaintiffs have otherwise stated a claim for fraud, they cannot recover for fraud pursuant to the Louisiana Unfair Trade Practices Act, La. R. S. 41:1401, et seq. (LUTPA) because the act applies only to consumers and competitors of which plaintiffs are neither. The court agrees. While plaintiffs may still claim fraud, they may not avail themselves of the provisions of LUTPA in this case because this dispute concerns a private contract, not a consumer or competitor as defined by the Act.

Defendant next contends that the claims against defendants,

---

[1] Whether such a contract would otherwise meet the requirements of the Louisiana Mineral Code as a mineral lease so as to entitle plaintiff to lease bonus payments is another question on which I express no opinion since the issue has not been raised by motion for summary judgment and evidence is not before the court sufficient to decide that issue.

Rural and Divine, are premature and should be dismissed. They again argue that there is no contract and that, even if there is, the lands have not yet been leased and thus no obligation to pay has yet come into existence. It is not clear that there is no contract or that the lands have not been leased. Such motion may be re-urged following adequate discovery. Plaintiffs have stated a claim against those two defendants.

Finally, defendants suggest that the mention of settlement discussions in paragraphs 8, 12, and 13 of the petition should be stricken as improper under FRCP 12(f). The allegations contained in those paragraphs do not appear to concern discussions of settling the dispute, but rather they concern ongoing attempts to lease the properties but at a lower price.

Therefore, IT IS RECOMMENDED THAT the motion to dismiss and to strike, doc. #7, be DENIED, except that plaintiffs' claim under LUTPA should be dismissed and, therefore, to that extent only, the motion should be GRANTED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be

furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 9th day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE